IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


ROXANNE JEAN WOOD                                                    PLAINTIFF


        v.                              CIVIL NO. 09-5124


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION

        Plaintiff, Roxanne Jean Wood, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.      Procedural Background:**

        Plaintiff filed her current applications for DIB and SSI on December 16, 2005, alleging

an inability to work since February 1, 2005, due to a mood disorder, morbid obesity, carpal

tunnel syndrome, tennis elbow, severe leg cramps, foot pain, obsessive-compulsive disorder,

AO72A
(Rev. 8/82)

anxiety and depression.[1] (Tr. 108-116). An administrative hearing was held on July 1, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 13-45).

By written decision dated September 29, 2008, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr. 55). Specifically, the ALJ found Plaintiff had the following severe impairments: a mood disorder and obesity. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 55). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work. (Tr. 57). Specifically, the ALJ found Plaintiff could lift or carry ten pounds occasionally, less than ten pounds frequently; could push and pull the same as she could lift or carry; could sit for six hours out of an eight-hour work day; could stand or walk for two hours out of an eight-hour work day; could frequently grasp and finger; and could occasionally climb, crawl, balance, stoop, crouch and kneel. (Tr. 57). With regard to her mental RFC, the ALJ found Plaintiff is moderately limited in her ability to respond appropriately to usual work situations and routine work changes and in her ability to interact appropriately with supervisors. (Tr. 57). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a charge account clerk, a surveillance system monitor and an assembly production worker. (Tr. 60).

---

[1] The record reflects Plaintiff previously applied for DIB and SSI on June 7, 2005, alleging an onset date of January 7, 2005. (Tr. 96-107).

-2-

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 22, 2009.[2]  (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 4).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs.8,9).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v.

---

[2]The Court notes the Appeals Council's denial letter indicates the ALJ's decision is dated September 24, 2008.  (Tr. 1).

Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A),

1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3),

1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation

process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial

gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

## III.   Discussion:

In the present case, of particular concern to the undersigned is the ALJ's RFC

determination.  Well-settled precedent confirms that the ALJ bears a responsibility to develop

the record fairly and fully, independent of the claimant's burden to press her case.  Snead v.

Barnhart, 360 F.3d 834, 836-37 (8th Cir.2004).  That duty includes seeking clarification from

treating physicians if a crucial issue is undeveloped or underdeveloped.  See Stormo v. Barnhart,

377 F.3d 801, 806 (8th Cir. 2004). The ALJ is also required to re-contact medical sources and may order consultative evaluations when the available evidence does not provide an adequate basis for determining the merits of the disability claim. See 20 C.F.R. §§ 416.912(e), 416.919a(b); Coleman v. Astrue ,498 F.3d 767, 771 (8th Cir. 2007). The ALJ's duty to develop the record extends even to cases like Plaintiff's, where an attorney represented the claimant at the administrative hearing. Id. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities.

The medical evidence reveals Plaintiff has sought treatment for depression and anxiety. (Tr. 200-209). Plaintiff has also complained of chronic pain in her hands, legs, and feet. (Tr. 193). Plaintiff has been diagnosed with extreme morbid obesity, as she is 5' 6" tall and weighs 335 pounds; mild bilateral carpal tunnel syndrome; high blood pressure; and degenerative joint disease. (Tr. 199, 210-212, 217). The evidence reveals Plaintiff fractured her foot in October of 2006, and was instructed to remain non-weight bearing at least through December of 2006. (Tr. 248-249, 251, 255-257).

The ALJ found Plaintiff could perform sedentary work with some limitations. In making this RFC determination, the ALJ clearly stated that he gave substantial weight to the opinions of Plaintiff's treating and examining physicians. (Tr. 59). One of Plaintiff's examining physicians relied upon by the ALJ was Dr. Alice M. Martinson, who performed a consultative examination of Plaintiff in June of 2006. In discussing Dr. Martinson's opinion, the ALJ noted that Dr. Martinson "found no [physical] abnormalities upon which to base any sort of work restrictions." (Tr. 58). What the ALJ failed to discuss was that Dr. Martinson also found that Plaintiff had some "very real physical limitations" due to her obesity.

-5-

The SSA Regulations state that when there is a conflict or ambiguity in a report from a medical source, the ALJ will re-contact the medical source and seek additional evidence or clarification. 20 C.F.R. § 404.1512(e); Snead, 360 F.3d at 838-39 ("Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case" to discover "evidence [which] might ... alter[ ] the outcome of the disability determination"). Here, the ALJ neglected his duty to resolve the ambiguity in Dr. Martinson's opinion regarding Plaintiff physical limitations. Based on the above, the undersigned finds remand necessary for the ALJ to more full and fairly develop the record. Specifically, the ALJ should address interrogatories to Dr. Martinson requesting that she discuss what physical limitations Plaintiff has due to her extreme morbid obesity. The ALJ should request that Dr. Martinson review the medical evidence and complete a RFC assessment.

While on remand, the ALJ should also discuss what evidence he used to support his finding that Plaintiff was not markedly limited in her ability to deal with people. After evaluating Plaintiff in November of 2007, consultative examiner Cara R. Hartfield, Ph.D,[3] opined Plaintiff had marked limitations in her ability to interact appropriately with the public and co-workers. (Tr. 273-275). Like the opinion of Dr. Martinson, the ALJ stated he gave Dr. Hartfield's opinion substantial weight (Tr. 59); however, he failed to discuss why he did not include all the limitations Dr. Hartfield found Plaintiff had in the RFC determination. Plaintiff's testimony, at the July 2008 administrative hearing, that she did not like to be around people and was often angered to the point of wanting to hurt someone when she was around people appears to be in line with Dr. Hartfield's assessment. (Tr. 19, 21, 31, 39). The medical evidence also

---

[3] The Court notes the ALJ referred to this psychologist as Dr. Hatfield in his opinion.  (Tr. 56, 59).

shows Plaintiff has consistently reported feeling increased anxiety when she is around people and fears she may hurt someone. (Tr. 205, 213, 265-267). Due to the fact that the vocational expert testified that a marked limitation in dealing with people would exclude all jobs in the work-force at the sedentary exertional level (Tr. 41), the undersigned believes remand is also necessary for the ALJ to discuss what evidence he used to discount the medical evidence revealing Plaintiff had marked limitations in her ability to interact appropriately with the public and co-workers.

While on remand, the undersigned suggests that ALJ address the medical evidence that indicates Plaintiff has been diagnosed with fibromyalgia. Garza v. Barnhart, 397 F.3d 1087, 1089 (8th Cir.2005) (per curiam) (fibromyalgia is a chronic condition which is difficult to diagnose and may be disabling). The record lists fibromyalgia as a secondary diagnosis and the undersigned believes the ALJ should have properly discussed this impairment.

Finally, there appears to be some questions as to the extent of Plaintiff's bilateral carpal tunnel syndrome. While on remand the ALJ should address interrogatories to Plaintiff's treating and examining physicians requesting that the physician's discuss the extent of Plaintiff's carpal tunnel syndrome and what limitations are caused by this impairment. If further development of the record is necessary, the ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed, including nerve conduction studies, to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work-related activities. See 20 C.F.R. §§ 404.1517, 416.917.

-7-

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

We further suggest that the ALJ address Plaintiff's alleged inability to afford medical treatment and medication.

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of April 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-8-